**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| SANTOS ESPARAZA, JR. | § | |
| VS. | § | CIVIL ACTION NO. 9:17-CV-45 |
| JOHN KUYKENDALL, ET AL. | § | |

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ACCEPTING
THE REPORT AND RECOMMENDATION AND GRANTING FLOWERS' MSJ**

Plaintiff Santos Esparaza, Jr., a prisoner previously confined at the Gib Lewis Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Mitchael Flowers, and against other Defendants who are addressed in other orders.

The court ordered that this matter be referred to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends granting defendant Flowers' motion for summary judgment. In the end, after considering all of the summary judgment evidence, the court concludes that there is no disputed issue of material fact on the issue of whether Defendant was deliberately indifferent to Plaintiff's serious medical needs.

BACKGROUND

Plaintiff alleged in his Original Complaint he was assaulted in his cell by correctional officers on May 5, 2015. After the incident, plaintiff was taken to the medical department, where he was examined by defendant Flowers. Plaintiff alleges he had a concussion and cuts on his head, but defendant Flowers denied him stitches, x-rays, antibiotics, and pain killers. (Doc. #1 at 4)

1

Flowers filed his Motion for Summary Judgment. (Doc. #28). Defendant Flowers contends that he is entitled to summary judgment because plaintiff has not shown that he was deliberately indifferent to plaintiff's serious medical needs. Defendant Flowers also contends that he is entitled to qualified immunity. Defendant submitted affidavits, medical records, and use of force records in support of his motion. Plaintiff filed no response, and the Magistrate Judge entered his Report and Recommendation, recommending that judgment be granted for Flowers and against Esparza. (Doc. # 48). The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and the pleadings.

Plaintiff did not file any objection to any part of the Report and Recommendation, but did file Plaintiff's Statement of Disputed Factual Issues (Doc. #52), Plaintiff's Brief In Opposition to Defendant's Motion for Summary Judgment Motion (Doc. #53), and Declaration In Opposition To Defendant's Motion For Summary Judgment. (Doc. #54). The court will liberally construe these three documents as objections to the Magistrate Judge's Report and Recommendation. As Plaintiff is a prisoner appearing pro se, the court reviewed all documents on file to determine whether they provide information relevant to his claims against the Defendant who filed the motion now under consideration. In the end, after considering all of the summary judgment evidence, the court concludes that there is no disputed issue of material fact as to Plaintiff's claims against Flowers.

## ANALYSIS

*Standard of Review*

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. PRO. 56(a). A fact is "material" if it could affect the outcome of the case under the governing

2

law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Instone Travel Tech Marine & Offshore v. International Shipping Partners*, 334 F.3d 423, 427 (5th Cir. 2003). A "genuine dispute" about a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Instone Travel Tech*, 334 F.3d at 427.

Because summary judgment is a final adjudication on the merits, courts must employ the device cautiously. *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir. 1991); *Jackson v. Procunier,* 789 F.2d 307 (5th Cir. 1986). In prisoner *pro se* cases, courts must be careful to "guard against premature truncation of legitimate lawsuits merely because of unskilled presentations." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989) (*quoting Murrell v. Bennett,* 615 F.2d 306, 311 (5th Cir. 1980)).

*Eighth Amendment*

Although the Eighth Amendment does not explicitly mandate a certain level of medical care for prisoners, the cruel and unusual punishment clause has been interpreted to impose a duty on prison officials to provide inmates with adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999). A prison official's deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment, whether the indifference is manifested by prison doctors or by prison guards. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976); *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 754 (5th Cir. 2001).

An Eighth Amendment claim consists of two components--one objective and one subjective. *Farmer*, 511 U.S. at 839. To satisfy the objective requirement, the plaintiff must prove

3

that he was exposed to a substantial risk of serious harm. *Id*. at 834; *Lawson v. Dallas County*, 286 F.3d 257, 262 (5th Cir. 2002). The plaintiff must also demonstrate that the defendant was deliberately indifferent to that risk. *See Farmer*, 511 U.S. at 834; *Lawson*, 286 F.3d at 262. The deliberate indifference standard is a subjective inquiry; the plaintiff must establish that the defendant was aware of an excessive risk to plaintiff's health or safety, and consciously disregarded the risk. *Farmer*, 511 U.S. at 840-41; *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002); *Stewart*, 174 F.3d at 534.

Mere negligence, neglect, or medical malpractice does not rise to the level of a constitutional violation. *Domino*, 239 F.3d at 756 ("It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference."); *Hall v. Thomas*, 190 F.3d 5 693, 697 (5th Cir. 1999) ("[A]llegations of malpractice or negligence will never state a claim under the Eighth Amendment."); *Stewart*, 174 F.3d at 534. Nor does an inmate's disagreement with his medical treatment amount to an Eighth Amendment violation. *Stewart*, 174 F.3d at 537; *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). "Rather, the plaintiff must show that the officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino*, 239 F.3d at 756 (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Competent summary judgment evidence, namely Doc. #28-1, establishes that:

1. Defendant Flowers cleaned Plaintiff's head and face to "ascertain the breadth and depth of any lacerations" and that he cleaned the two lacerations on his left eye orbit with saline solution, then applied Dermabond skin adhesive to close the laceration";

2. Flowers then "used the same process to treat another laceration on his right eye orbit";

3. Esparaza repeatedly refused to allow Flowers to cut Esparaza's hair so as to treat two lacerations on the top of Esparaza's head.

Dr. Steven Bowers M.D reviewed Plaintiff's medical records and opined that the treatment given by Defendant Flowers was appropriate. (Doc. #28-2 at 2.)

Plaintiff filed three documents in response to Flowers's motion for summary judgment. (Doc. ## 52, 53, and 54) In them Plaintiff did not deny that Flowers provided treatment around his eyes and did not contest the statement that he refused treatment for the cuts on his head. He did not deny that he was taken to the hospital. He complained about the use of saline solution to clean his lacerations and complained about being placed back in the cells. (Doc. #53 at 1). He admits that he was "911 to the local hospital where he received 13 stitches on the top; of his head, 2 stitches above his eye and 2 below the same eye, and the laceration on the opposite eye was glued shut." (Doc. #54 at 2). In his three response documents he provides no information about his vague allegations in his Original Complaint that Flowers refused to provide X-rays, anti-biotics, and pain killers. And, these would presumably be items addressed at the hospital to which he admits he was taken, rather than by an R.N. at the prison.

None of these statements, nor any other statement in Plaintiff's three response documents, establish that there is a genuine dispute as to any material fact that would establish any alleged deliberate indifference to a serious medical need. Rather, Plaintiff's responses show that he has a disagreement as to the method or extent of treatment and where he was placed after treatment. Flowers is entitled to summary judgment on this claim.

*Qualified Immunity*

Alternatively, Flowers is entitled to qualified immunity. The doctrine of qualified immunity affords protection against individual liability for civil damages to officials "insofar

as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "For a constitutional right to be clearly established, its contours 'must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful; but it is to say that in the light of pre-existing law the unlawfulness must be apparent.'" *Hope*, 536 U.S. at 739 (*quoting Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

As set out in the "Eighth Amendment" section above, based on the summary judgment evidence before the court, there is no genuine dispute as to any material fact concerning whether Flowers was deliberately indifferent to Plaintiff's serious medical needs. A reasonable official in the position of Flowers would have been aware of the requirement to provide adequate medical care, as set out in *Farmer v. Brennan,* cited above. He would also be aware of the prohibition against deliberate indifference to serious medical needs, as set out in *Estelle v. Gamble* and in *Domino v. Texas Dep't of Criminal Justice*, also cited above.

It is undisputed that Flowers cleaned Esparaza's face and head, cleaned his facial lacerations, and then treated the lacerations around Esparaza's eyes. Esparaza was later taken to a hospital. Esparaza does have complaints about his treatment, but even generously construed these are no more than allegations of mere negligence, neglect, or medical malpractice which do not rise to the level of a constitutional violation. *See Domino*, 239 F.3d at 756. If a higher court were to determine that one or more actions by Flowers should constitute deliberate indifference, the basis for such determination would not have been clearly established law at the time of the incident.

Flowers acted in accordance with the established law at the time and would be entitled to qualified immunity. *See Farmer*, 511 U.S. at 840-41; *Calhoun*, 312 F.3d 730, 734; *Stewart*, 174 F.3d at 534.

*Fourth and Fourteenth Amendment*

In his Brief in Support of the Complaint, Plaintiff makes a general claim of violation of Fourth and Fourteenth Amendment rights. (Doc. #3 at 14). To extent Esparaza intended his vague reference to the Fourth and Fourteenth Amendment to assert some claim against Flowers, neither his pleadings nor his responses following the Report and Recommendation present any facts that would support a claim against Flowers under the Fourth and Fourteenth Amendment. Medical treatment of a convicted prisoner is evaluated under the Eighth Amendment. Any such claims are dismissed.

*Official Capacity*

To the extent Plaintiff is making a claim against Defendant in his official capacity, he is protected from suit by the Eleventh Amendment. A suit for damages against a state official acting in his official capacity is not a suit against that individual but a suit against the state. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Therefore, a state actor acting in his or her official capacity is not a "person" subject to suit under 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). This claim will be dismissed.

*Declaratory and Injunctive Relief*

In his Complaint, Plaintiff seeks declaratory relief against Defendant, but does not specify what declaratory relief he is seeking. (Doc. #3 at 13). Plaintiff also seeks a preliminary and permanent injunction "ordering defendants to stop all forms of retaliations and hindrances to the filing of this complaint." *Id*. at 15. To the extent Plaintiff seeks injunctive relief, he has failed to establish how this would meet the requirements under the Prison Litigation Reform Act, or how

it relates to his claims. Plaintiff has failed to demonstrate past or current wrongdoing. Because injunctions regulate future conduct, "a party seeking injunctive relief must allege ... a real and immediate—as opposed to a merely conjectural or hypothetical—threat of future injury." *Van Winkle v. Pinecroft Ctr.* L.P., 2017 WL 3648477, at *6 (S.D. Tex. Aug. 23, 2017) (quoting *Wooden v. Bd. of Regents Univ. Sys. of Georgia*, 247 F.3d 1262, 1284 (11th Cir. 2001)). Both claims will be dismissed.

## CONCLUSION

The court has conducted a de novo review of the objections in relation to the pleadings and the applicable law. See FED. R. CIV. P. 72(b). The court concludes that there is no genuine dispute as to any material fact on the issue of whether Flowers was deliberately indifferent to Plaintiff's serious medical needs. Any claim against Flowers in his official capacity is barred by Eleventh Amendment immunity. No basis for claims under the Fourth or Fourteenth Amendments were plead, or set out in Esparza's responses to the Flowers' motion for summary judgment.

## ORDER

Accordingly, to the extent that Plaintiff's responses (Doc. ## 52, 53, and 54) can be considered objections, they are **OVERRULED**. The report of the Magistrate Judge (Doc. # 48) is **ACCEPTED**. Defendant Flowers' motion for summary judgment (Doc. #28) is **GRANTED**. Plaintiff Santos Esparaza, Jr. shall take nothing from Defendant Mitchael Flowers, who is **DISMISSED** from this action.

So **ORDERED** and **SIGNED** March 30, 2020.

_____
Ron Clark, Senior District Judge